SABAT, PLAINTIFF AND APPELLEE, *v.* VALERA ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action of Intervention and for Injunction.

No. 1397.—Decided June 20, 1916.

INJUNCTION—THIRD PERSON—IRREPARABLE INJURY—SALE OF PROPERTY—MULTIPLICITY OF PROCEEDINGS.—Section 16(*a*) added in 1908 to the Act of 1907, providing for the trial of the right to personal property, empowers the court having jurisdiction of the action to suspend by injunction the sale of the property in accordance with the Act of 1906 defining injunctions, which remedy may be granted under subdivisions 2 and 6 of section 3 of the Act when it appears from the petition or affidavit that the performance or continuation of the acts during the litigation would produce great or irreparable injury to any of the parties, and also when the restraint is necessary to prevent a multiplicity of judicial proceedings.

ID. — TITLE TO PROPERTY — POSSESSION — SALE OF PROPERTY — IRREPARABLE INJURY.—That the petitioner has a title to the property in question, of which he is in possession, and that the defendant is endeavoring to sell the same as belonging to someone else, which would cause the petitioner serious loss by depriving him of his rents, interfere with his business by removing one of his sources of income, as is the said property, and that he would be obliged to bring a multitude of actions to establish his right, are sufficient facts to warrant the granting of an injunction enjoining the sale of a certain property by the defendant until the real owner of the property is determined.

ID.—POSSESSION.—Distinguishing this case from that of *Succession of Pérez* v. *Márquez*, 19 P. R. R. 692, it was held that while the former affirmed the ruling refusing to grant an injunction, it was because it was shown that the adverse party, and not the petitioner, was in possession of the property, and, therefore, he could not be prohibited from performing acts of possession, whereas in this case the petitioner is in possession of the property.

The facts are stated in the opinion.

*Mr. Eduardo Flores Colón* for the appellants.

*Mr. José Q. Torres Sallaberry* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In an action brought by Antonio Sabat Carattini against Gregoria Rivera the former acquired under execution the ownership of a house situated on Union Street, Salinas. Later, in an action brought by Enrique Valera against Ve-

nancio López, the husband of Gregoria Rivera, the said house was levied on and advertised for sale, whereupon Sabat Carattini filed in the District Court of Ponce a verified complaint in an action of intervention in ownership against Valera and López containing a prayer that during the pendency of the action and in order to prohibit the sale of the property and avoid subsequent litigation a temporary injunction be granted, which was done after hearing the parties and examining the documentary evidence presented, among which was an affidavit of Sabat Carattini tending to show that the property was acquired by Gregoria Rivera before her marriage to Venancio López, and another of the latter tending to show that the house in question belonged to him.

This appeal was taken by the defendants from the order granting the temporary injunction.

The first error assigned by the appellants is that the court *a quo* issued the rule to appear and show cause why a temporary injunction should not be granted and granted the same without having before it facts warranting its taking jurisdiction.

As we have said before, the object of the action of intervention in ownership is to obtain a judgment to the effect that the plaintiff and not Venancio López is the owner of the property, so as to prevent its sale by Enrique Valera in execution of the judgment obtained by him against López. The complaint is verified and alleges that Valera seeks to execute his judgment against López and that a day has been set for the sale of the said house; that the said sale would cause the intervenor great damage inasmuch as he would be deprived of the rent of the house, his business would be injured by depriving him of one of his sources of income, as is the said property, and that he would be compelled to bring a multiplicity of actions to defend his rights.

These facts justified the court in taking jurisdiction of the action of intervention, for section 16(*a*), which was added in 1908 to the Act of 1907 providing for the trial of the right

to personal property, empowers the courts having jurisdiction of such actions to suspend the sale of the property by means of an injunction, in accordance with the Act of 1906 defining injunctions; and subdivisions 2 and 6 of section 3 of the said act authorize the granting of an injunction when it appears from the complaint or affidavit that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party to the action, and also where the restraint is necessary to prevent a multiplicity of judicial proceedings. The complaint clearly falls within the first of these cases and may be considered also to fall within the second, for although the allegation regarding a multiplicity of actions is somewhat vague in that it fails to state what proceedings may arise, nevertheless it is evident that if another person should buy the house at the sale the intervenor would be compelled to sue him.

There was no error in the order granting the injunction, for the evidence showed that Sabat Carattini had a title to the property in question and that Valera was attempting to have it sold as the property of López, facts which, along with the other facts alleged, justify the enjoining of the sale sought by Valera until the true owner be ascertained by the result of the action. The evidence on this point may be considered more properly in the action of intervention than in the incidental prayer for a temporary injunction, for the only effect of the injunction is that matters remain *in statu quo* until it is decided to whom the house in question belongs.

The other error assigned is that the court abused its discretion in granting the injunction while the title of ownership of the house was in litigation.

The only argument in support of this proposition is the citation of the case of *Succession of Pérez* v. *Márquez,* 19 P. R. R. 692, which is different from this case; for although in that case the order denying an injunction was affirmed, this was because it was shown that the adverse party was in possession of the property and not the petitioner, as al-

leged by him, and, therefore, the former could not be enjoined from performing acts of possession.

The order appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.